## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

March 10, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Yvette J. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-3602-DRM

Dear Counsel:

On December 13, 2024, Plaintiff Yvette J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 12. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

### I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 3, 2014, alleging a disability onset of June 1, 2010. Tr. 30, 204-205, 206-209, 241. Plaintiff's claims were denied initially and on reconsideration. Tr. 114-116. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge. Tr. 129-130. The hearing was held on August 28, 2015, and the Plaintiff was again denied benefits through a decision dated October 27, 2015. Tr. 54-74. The Appeals Council denied Plaintiff's request for review. Tr. 1-5, 15, 22. Plaintiff appealed to this Court. On March 31, 2017, this Court granted the Defendant's Consent Motion to Remand and remanded the Plaintiff's claims. Tr. 851. The Appeals Council issued its remand order on September 8, 2017. Tr. 852-856.

---

[1] Plaintiff filed the instant case against Carolyn Colvin, the Acting Commissioner of Social Security on December 13, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Yvette J. v. Frank Bisignano*
Civil No. 24-3602-DRM
March 10, 2026
Page 2

The ALJ held supplemental hearings on November 29, 2017, September 30, 2020, and January 31, 2024. Tr. 783-813; 1288-1309; 1928-1973. The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame after each hearing. Tr. 1288-1309. The Appeals Council denied Plaintiff's request for review and Plaintiff appealed to this Court after the ALJ's determinations. Most recently, on November 20, 2024, the Appeals Council denied Plaintiff's request for review, Tr. 2148-2149, so the ALJ's decision, once again, constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since December 1, 2013, the alleged onset date." Tr. 1898. At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, bipolar disorder, major depressive disorder, bipolar affective disorder, panic disorder (episodic paroxysmal), agoraphobia, anxiety disorder, and adjustment disorder. Tr. 1898. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1900. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, and scaffolds. She can frequently rotate, flex, and extend her neck. She would need to avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive noise, excessive vibration, hazardous moving machinery, and unprotected heights. She can only perform simple, 1-2 step tasks, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving only occasional interaction with supervisors, co-workers, and the general public. Changes in work duties would need to be introduced gradually.

---

[2] 42 U.S.C. §§ 301 et seq.

*Yvette J. v. Frank Bisignano*
Civil No. 24-3602-DRM
March 10, 2026
Page 3

Tr. 1902-1903. The ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 1913. The ALJ also determined that the claimant could perform jobs that existed in significant numbers in the national economy, such as stubber, order filler, and cleaner. Tr. 1914. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1915.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly assess Plaintiff's limitations. ECF No. 11 at 5. Specifically, Plaintiff argues the ALJ is required to perform a function-by-function assessment of a claimant's ability to perform the physical and mental demands of work, which the ALJ failed to do because: (1) the ALJ did not address Plaintiff's abilities to perform work-related activities eight-hours per day, five days per week, given her moderate deficiencies in concentration, persistence, or pace; (2) the ALJ did not set forth any explanation as to how he determined that an individual with moderate limitations in concentration, persistence, or pace ("CPP") would be capable of maintaining concentration, attention, and pace for 91 percent of the workday; (3) the ALJ did not properly evaluate the opinion evidence of record; (4) the ALJ failed to properly address evidence of Plaintiff's academic accommodations; and (5) the ALJ erroneously relied upon Plaintiff's daily activities in assessing Plaintiff's subjective complaints. *Id.* at 7-17.

In response, the Commissioner contends that substantial evidence supports the ALJ's determination that Plaintiff could perform medium exertional work despite her impairments. ECF No. 13 at 6. Specifically, the Commissioner argues "substantial evidence showing that Plaintiff's impairments improved and were stable and controlled with treatment despite residual deficits and that Plaintiff was able to perform a range of activities of daily living independently supports the ALJ's RFC finding." *Id.* In the RFC determination, the ALJ explained that Plaintiff could perform a restricted range of medium work with occasional postural limitations including: the ability to frequently rotate and flex her neck; with limited exposure to various environmental conditions; and mental limitations including the ability to perform simple, routine, repetitive, low-stress work described as no strict production quotas, no assembly line pace work, and work involving

*Yvette J. v. Frank Bisignano*
Civil No. 24-3602-DRM
March 10, 2026
Page 4

occasional interaction with supervisors, coworkers, and the general public; along with tolerating occasional changes in a routine work setting for a full workday, five days per week with her mental impairments. ECF No. 13 at 7. Next, the Commissioner contends that Plaintiff's argument misdirects her evidentiary burden to establish how her impairments affect her functioning. *Id.* The Plaintiff bears the burden of providing evidence establishing the degree to which her impairments limit her RFC. *Id.* at 8. Additionally, the ALJ properly considered Plaintiff's subjective statements about her symptoms in finding them not entirely consistent with the record.

The Court agrees with the Plaintiff that the ALJ committed reversible error by failing to explain how the Plaintiff could stay on task for 91 percent of the workday despite her moderate limitations in CPP.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In *McLaughlin v. Colvin*, an ALJ found that a claimant had moderate CPP limitations, and a vocational expert testified that "[a] person 'off task' more than 15% of the workday . . . could not perform any work." 200 F. Supp. 3d 591, 596-97 (D. Md. 2016). The ALJ's decision did not address how the plaintiff could remain productive for at least 85% of the workday, notwithstanding her CPP limitations. *Id.* at 602.

The court found that the ALJ's analysis failed to comport with the holding of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), that an ALJ must

> explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary."

*McLaughlin*, 200 F. Supp. at 600 (quoting *Talmo v. Comm'r, Soc. Sec.,* Civil Case No. ELH–14–2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015)*, report and recommendation adopted* (D. Md. June 5, 2015)*.* The court further explained that because moderate CPP limitations can be reasonably assumed to reduce a claimant's productivity, the ALJ should have addressed how the claimant could still "remain productive for at least 85% of the workday" given those limitations and the vocational expert's testimony. The ALJ's failure to provide that explanation left the

*Yvette J. v. Frank Bisignano*
Civil No. 24-3602-DRM
March 10, 2026
Page 5

decision without the support of substantial evidence and the court remanded the case for further review. *McLaughlin*, 200 F. Supp. 3d at 603.

Similarly, in *Kelvin R. v. O'Malley*, No. CDA-23-2532, 2024 WL 3937145, at *3 (D. Md. Aug. 26, 2024), the court held that the ALJ committed reversible error by failing to explain how Plaintiff, despite moderate CPP limitations, could stay on task for 90% of the workday, particularly given the vocational expert's testimony that employers would not tolerate more than 10% off-task time. *Kelvin R.*, 2024 WL 3937145, at *3. Because the ALJ in *Kelvin R.* made no express finding regarding plaintiff's ability to remain on task despite her limitations, the court found that the decision lacked the necessary "accurate and logical bridge" between the evidence and the ALJ's conclusions, requiring the court to remand the case. *Id.* at 602-03.

Courts in this district have repeatedly held that such a failure to "build an accurate and logical bridge" between moderate CPP findings and an assumed ability to stay on task is reversible error. *See Dyron H. v. Bisignano,* No. 24-3651-DRM, 2025 WL 3280324, at *3 (D. Md. Nov. 25, 2025); *Patricia M. v. Dudek*, No. CDA-23-3541, 2025 WL 958964 (D. Md. Mar. 31, 2025)*; Kelvin R.,* 2024 WL 3937145, at *6-9; *Maryann H. v. Kijakazi*, No. TMD-20-2520, 2021 WL 5239852, at *13-14 (D. Md. Nov. 10, 2021); *McLaughlin*, 200 F. Supp. 3d at 602-03.

Here, the ALJ determined that Plaintiff had moderate CPP limitations, Tr. 1901-02, and the vocational expert testified that a hypothetical employee would not be employable if they are off task 10 percent or more of the workday. Tr. 1971. Like the ALJ in *McLaughlin* and *Kelvin R.*, the ALJ here did not expressly[3] address Plaintiff's ability to remain on-task despite her CPP limitations. Therefore, the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" *Kelvin R.*, 2024 WL 3937145, at *3 (citing *McLaughlin*, 200 F. Supp. 3d at 602-03).

Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[3] The Commissioner argues that the ALJ's discussion of Plaintiff's testimony, the objective medical evidence, and the opinion evidence—leading to his conclusion that the record evidence does not support the claimed severity of Plaintiff's psychiatric symptoms—is sufficient to constitute a determination of Plaintiff's capacity to work a full workday. ECF No. 13 at 9-10. However, the ALJ's discussion never expressly makes that connection, and the cases cited herein make clear that the ability to stay on task for a full workday needs to be addressed directly where a Plaintiff has been found to have moderate CPP limitations.

*Yvette J. v. Frank Bisignano*
Civil No. 24-3602-DRM
March 10, 2026
Page 6

## V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge